UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MARCUS JUDE COMEAUX**<br>　　*Plaintiff*,<br><br>**v.**<br><br>**MICHAEL W. NEUSTROM, IN HIS CAPACITY AS SHERIFF OF LAFAYETTE PARISH, ROBERT J. REARDON IN HIS CAPACITY AS DIRECTOR OF CORRECTIONS FOR THE LAFAYETTE PARISH CORRECTIONAL CENTER, DEPUTY WILLIS GUIDRY, JR., DEPUTY M. HIATT, CORPORAL B. REVIERE, DEPUTY GARY, ACE AMERICAN INSURANCE COMPANY, AND CORRINE CADDY**<br>　　*Defendants*. | **DOCKET NO.: 6:13-cv-00768-RTH-PJH**<br>**JUDGE: RICHARD T. HAIK, SR.**<br>**MAGISTRATE: PATRICK J. HANNA** |

**STATEMENT OF THE MATERIAL FACTS AS TO WHICH
THERE EXISTS A GENUINE ISSUE TO BE TRIED**

　　**NOW INTO COURT**, through undersigned counsel, comes the Plaintiff herein, Marcus Jude Comeaux, who submits this Statement of the Material Facts as to Which There Exists a Genuine Issue to be Tried and who, with respect to same, does hereby allege, aver, depose, and state as follows:

**1.**　　All statements made within Rec. Doc. 12-4 (the Defendants' "Statement of Uncontested Material Facts") are controverted in accordance with Local Rule 56.2.

**2.**　　Whether Mr. Comeaux contacted Ms. Caddy and specifically advised her the air conditioner replacement would be delayed due to the advanced funds being stolen during the burglary of his work vehicle.

**3.**　　Whether Mr. Comeaux advised Ms. Caddy that he did not presently have the financial solvency to either repay the money or secure the necessary job materials.

**4.**　　Whether Mr. Comeaux explained to Ms. Caddy that most of his income as an air

conditioner technician was earned in the summer months, and he would be able to either repay the remitted funds or complete the job once the warmer summer months arrived and Mr. Comeaux's air conditioner service business picked up.

5. Whether Ms. Caddy suggested a compromise resolution to Mr. Comeaux with proposed terms regarding repayment of her advanced monies.

6. Whether Mr. Comeaux accepted the terms proposed by Ms. Caddy for repayment of her advanced monies.

7. Whether, as proposed by Ms. Caddy, Mr. Comeaux would commence repaying the advanced funds as his financial situation allowed, with Mr. Comeaux ultimately returning the entire sum once his business picked up in the summer months.

8. Whether, as an additional term of the resolution proposed by Ms. Caddy, Mr. Comeaux agreed to perform any/all necessary service as would be required to keep the existing unit functioning at no cost to Ms. Caddy until the entire sum was refunded.

9. Whether Ms. Caddy had significant knowledge and understanding regarding Plaintiff's financial circumstances and present inability to pay.

10. Whether Ms. Caddy accepted the first installment of Mr. Comeaux's promised repayment.

11. Whether Ms. Caddy specifically affirmed that this payment was acceptable in accordance with the verbal compromise she had previously reached with Mr. Comeaux.

12. Whether at various points following his verbal agreement with Ms. Caddy, Mr. Comeaux serviced Ms. Caddy's store's air conditioning unit at no charge—precisely as he agreed to do pending a full repayment of the advanced funds.

13. Whether on or about March 12, 2012, Ms. Caddy made a retaliatory and premature

demand for immediate repayment of the *entire* remaining balance which Mr. Comeaux then owed.

14. Whether Ms. Caddy threatened Mr. Comeaux with draconian injury and loss if the entire funds were not immediately repaid.

15. Whether Ms. Caddy specifically threatened to cause Mr. Comeaux's loss of his home, business, family, truck, and girlfriend if the entire funds were not immediately repaid.

16. Whether Ms. Caddy threatened to have Mr. Comeaux "locked up" (i.e., criminally prosecuted) if the entire funds were not immediately repaid.

17. Whether Ms. Caddy engaged in acts of extortion relative to the use of threatened criminal prosecution in pursuit of satisfying a decidedly civil obligation.

18. Whether Ms. Caddy conspired with Deputy M. Hiatt and Corporal B. Reviere to effect Mr. Comeaux's arrest.

19. Whether Ms. Caddy conspired with Hiatt and/or Reviere to create a false and materially misleading arrest warrant affidavit as the necessary predicate to securing a formal warrant for Mr. Comeaux's arrest.

20. Whether Ms. Caddy evidenced a strong desire to cause harm unto Mr. Comeaux.

21. Whether Ms. Caddy's desire to exact revenge upon Mr. Comeaux led her to seek the assistance of Deputy M. Hiatt and Corporal B. Reviere in causing Mr. Comeaux to be arrested.

22. Whether the criminal proceedings which followed Mr. Comeaux's arrest were, in fact, dismissed.

23. Whether dismissal of Mr. Comeaux's criminal proceedings arose due to the prosecution's realization that the underlying dispute was decidedly civil in nature.

24. Whether the dismissal of Mr. Comeaux's criminal prosecution was a "favorable termination" within the intendment of <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

25. All countervailing and opposing facts alleged and pled in the Complaint and in the prior recitations of events prepared and submitted herein are identified as being Material Facts as to Which There Exists a Genuine Issue to be Tried.

      Respectfully Submitted,

**LAW OFFICE OF J. CHRISTOPHER ALEXANDER, SR., LLC**
Attorney and Counselor at Law

  /S/ J. CHRISTOPHER ALEXANDER, SR., ESQ.
J. Christopher Alexander, Sr., Esq.
Louisiana Bar Roll No.: 26,591
3751 Government Street, Suite "A"
Baton Rouge, Louisiana 70806
225-761-9456 (telephone)
225-761-7899 (facsimile)
chris@jcalaw.us
*Co-Counsel for Plaintiff*

    *and*

**SPRING & SPRING, LLC**
Attorneys at Law

/S/ S. STEPHEN SPRING, II, ESQ.
S. Stephen Spring, II, Esq.
Louisiana Bar Roll Number: 12,347
733 East Airport Avenue, Suite 104
Baton Rouge, Louisiana 70806
225.932.9671 (telephone)
413.451.8923 (facsimile)
springlaw@gmail.com
*Co-Counsel for Plaintiff*

CERTIFICATE OF SERVICE ON NEXT PAGE

- 5 -

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing Statement of the Material Facts as to Which There Exists a Genuine Issue to be Tried has been served upon all counsel of record herein via delivery of this self-same pleading into the Court's electronic filing and notification system on this the 22nd day of January, 2014.

      /S/ J. CHRISTOPHER ALEXANDER, SR., ESQ.
           J. Christopher Alexander, Sr., Esq.