UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

MARCUS JUDE COMEAUX                     :

VERSUS                                  :     CIVIL ACTION NO. 6:13-CV-00768

MICHAEL W. NEUSTROM, ET AL              :     JUDGE HAIK, MAG. JUDGE HANNA
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**REPLY MEMORANDUM IN RESPONSE TO PLAINTIFF'S MEMORANDUM
IN OPPOSITION TO MOTION FOR SANCTIONS PURSUANT TO FRCP RULE 11**

MAY IT PLEASE THE COURT:

Defendant, CORRINE CADDY, files this Memorandum in response and reply to plaintiff's Opposition to Defendant's Motion for Rule 11 Sanctions. Defendant reasserts and reiterates all facts and arguments included in her Motion for Rule 11 Sanctions recently filed with this Honorable Court as though pled herein *in extenso*. Furthermore, defendant objects to plaintiff's attachment and reference of the unsworn written statements of Kara Jolene Lohmeyer and Mark Comeaux, as well as the Affidavit of Marcus Comeaux (See Motion in *Limine* filed this date, where defendant respectfully requests that this Honorable Court strike these non-conforming documents in their entirety).

A.      **LAW AND ARGUMENT**

When a party or his attorney submits a pleading to the Court, he certifies to the best of his knowledge, information and belief that: (1) the pleading is not interposed for any improper purpose, such as harassment, unnecessary delay, or increased costs of litigation; (2) the pleading is warranted by existing law or in good faith argument for modification of existing law; and (3) the litigant has conducted a reasonable inquiry into the factual allegations and denials which support the pleading. FRCP 11(b); *Childs v. State Farm Mutual Insurance Co.*, 29 F.3d 1018, 1023-24 (5th Cir. 1994); *American Airlines, Inc. v.*

*Allied Pilots, Ass'n*, 968 F.2d 523, 529 (5th Cir. 1992). Thus, a signatory violates Rule 11 when he files a pleading which is not well grounded in fact and warranted by existing law. Counsel for plaintiff argues that "In no event should Rule 11 be applied to inhibit an advocate's zealous representation of his client." *Thomas v. Capital Security Services, Inc.*, 836 F.2d 866, 877 (5th Cir. 1988). However, counsels' conduct in representing this plaintiff goes beyond all meaning of "zealous representation," and instead, the record and evidence show that plaintiff's counsel has concocted wholly false allegations against the defendant in an attempt to harass and embarrass her.

The opposition does nothing more than recite half truths, false facts, and irrelevant information. Mr. Stephen Spring was well aware at the time this suit was filed that plaintiff never had an actual "bona fide" termination in his favor during the criminal proceedings. The affidavit of James Prather unequivocally establishes that the charges were dismissed solely because plaintiff agreed to pay full restitution to defendant. If plaintiff had not agreed to this condition, the charges would not have been dismissed. The minutes from those proceedings indicate Mr. Spring was present in court that day and representing plaintiff. Counsel for plaintiff has made no effort to refute the facts in the sworn affidavit of the Assistant District Attorney, James Prather, which in and of itself, goes towards proving that the filing of this lawsuit was frivolous and/or only lodged to harass defendant.

Counsel for plaintiff continues to claim defendant created a false and/or misleading arrest warrant without actually stating how exactly the arrest warrant was false or misleading. First, Caddy could not apply for a warrant. Second, defendant informed Deputy Hiatt and Corporal Reviere that, in January, she paid plaintiff in advance to perform work on an air conditioning unit, that by April he had failed to perform any work nor did he refund the money. In addition, defendant fully informed these officers that plaintiff claimed his truck was burglarized and she even provided a copy of the police report! Whether plaintiff and

defendant had an agreement for plaintiff to pay installments to defendant or perform work at no charge is completely irrelevant as to whether a party can lodge a complaint with the police. Defendant is not a lawyer, nor is she a law enforcement agent. All she knew was that she paid money for work to be performed, waited over three months for something to happen, and when nothing did, she decided to call the police. The fact remained that plaintiff accepted advanced money from defendant, and he failed to perform the work or refund the money. **Three months passed from the date payment was advanced before defendant reported the theft**. The fact that she waited so long goes against plaintiff's accusations that she maliciously meant to cause him harm. Pursuant to the factual scenario of *State v. Bruce*, 47,055 (La. App. 2 Cir. 5/25/12) 93 So 3d 717, defendant did not have to delve into and determine plaintiff's intent to refund the money before filing the complaint.[1]

Defendant objects to plaintiff's use of the unsworn statements of Mark Comeaux and Kara Jolene Lohmeyer. These statements are neither made under oath in a sworn affidavit or under penalty of perjury as required by 28 U.S.C. 1746, and as such, any statement or argument arising from the statements should not be considered by this Honorable Court. Out of an abundance of caution, even if allowed and considered by the Court, these statements do not in any provide merit to plaintiff's frivolous claims. Ms. Lohmeyer has not provided any factual evidence of a conspiracy between defendant and the Lafayette Parish Sheriff's Officer. It only reiterates allegations made in plaintiff's complaint. Plaintiff cannot attest by way of an affidavit to the unsworn statements of Kara Jolene Lohmeyer or Mark Comeaux.

Counsel for plaintiff makes inferences of fact in this meritless argument that are wholly irrelevant to the issue at hand and which have no factual support to be inferred. For example, Footnote 10 of

---

[1] The victim of theft by defendant filed charges after he failed to perform the services rendered despite accepting advance payment for the service. *State v. Bruce*, 47,055 (La. App. 2 Cir. 5/25/12) 93 So 3d 717.

plaintiff's opposition notes that "Ms. Caddy remitted weekly wages to Ms. Lohmeyer in cash so that Ms. Caddy (or her corporate enterprise(s) could avoid remittance of employment taxes and other mandatory withholdings." This wholly irrelevant statement (without any supporting competent evidence) is nothing more than an attempt of counsel for plaintiff to harass and embarrass defendant. It has absolutely no relevancy to this matter, and counsel for plaintiff has failed to offer any such proof. In footnote 25, counsel for plaintiff has the audacity to imply responsibility of Ms. Lohmeyer's miscarriage upon the defendant. Ms. Lohemeyer is not a party to this claim, nor has she filed a separate claim against defendant. Counsel for plaintiff has made nothing more than one baseless allegation after another, with no factual evidence to support the frivolous assertions and claims. The entire opposition is proof in itself that the lawsuit is nothing more than a malicious attempt to harass the defendant for reporting a crime of theft.

Plaintiff's reliance on *Richard v. Louisiana Ind. For the Disable* is misplaced. 10-00426 (M.D. La. 04/20/2011) 2011 WL 1527856. Defendant is not contending that plaintiff, or his counsel, have failed to withdraw the complaint because counsel informed them of the claims' futility. Defendant is contending that counsel for plaintiff was aware that probable cause existed for the criminal prosecution of plaintiff, that counsel for plaintiff was present when plaintiff agreed to make full restitution to defendant in return for a dismissal of the charges, and that plaintiff is still attempting to assert this claim, despite clear un-controverted evidence providing proof that restitution was, in fact, paid. Despite all prior knowledge and defense counsel's request that in light of these facts, that plaintiff voluntarily dismiss this suit, counsel for plaintiff have insisted to continue prosecution of this frivolous lawsuit. As such, the evidence clearly shows that defendant is entitled to Rule 11 sanctions.

Furthermore, although Rule 1.9 allows an attorney to be adverse to a former client so long as the prior matter is not the same or substantially related to the matter at issue, however, this rule does not permit

the attorney to use confidential information against the former client to his/her disadvantage. In the complaint, Stephen Spring has used his prior representation of defendant Caddy in a criminal matter to impugn her character and claiming that the officers should not have considered her report of theft "reliable" since she was a "convicted felon," using the information directly from a case in which he was the attorney representing her. Defendant placed her trust and confidence in Mr. Spring during a tumultuous period in her life. For Mr. Spring to use any confidential information derived from that representation is a clear violation of Rule 1.9(c). Based on all of the above, defendant is entitled to Rule 11 sanctions as a matter of law.

## CONCLUSION

For the reasons set forth in her original Motion for Sanctions pursuant to FRCP 11, and for the reasons stated herein, defendant, CORRINE CADDY, prays that this Court grant her Motion for Sanctions Pursuant to FRCP 11, finding that defendant is entitled to sanctions against the plaintiff and his attorneys, as well as reasonable costs and attorney's fees, and that she be granted an opportunity to put on evidence of the attorney's fees and costs incurred in defending this frivolous lawsuit.

AND FOR ALL JUST AND EQUITABLE RELIEF, ETC.

BORNE & WILKES, L.L.C.

BY:    S/John F. Wilkes, III
          JOHN F. WILKES, III (Bar Roll #01644), T.A.
          JOY C. RABALAIS (Bar Roll #26476)
          RAY F. LUCAS, III (Bar Roll #27558)
          TONYA R. SMITH (Bar Roll #30065)
          KATHY L. SMITH (Bar Roll #30731)
          ADRIANE M. REESE (Bar Roll #34721)
          200 West Congress Street, Suite 1000
          Post Office Box 4305
          Lafayette, Louisiana 70502-4305
          Telephone: (337) 232-1604 Ext. 201
          Facsimile: (337) 232-1837
          E-mail: wilkes@bornewilkes.com

ATTORNEYS FOR CORRINE CADDY

## CERTIFICATE

I HEREBY CERTIFY that on February 4, 2014, a copy of the foregoing Reply Memorandum in Response to Plaintiff's Memorandum in Opposition to Motion for Rule 11 Sanctions was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Mr. Stephen Spring and Mr. Christopher Alexander by operation of the court's electronic filing system.

          S/John F. Wilkes, III
          JOHN F. WILKES, III (Bar Roll #01644)
          BORNE & WILKES, L.L.C.
          Attorney for Defendant