UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| MARCUS JUDE COMEAUX | : |
| VERSUS | : CIVIL ACTION NO. 6:13-CV-00768 |
| MICHAEL W. NEUSTROM, ET AL | : JUDGE HAIK, MAG. JUDGE HANNA |

## MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO STRIKE PLAINTIFF'S EXHIBITS ATTACHED TO HIS OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

This memorandum is submitted on behalf of the defendant, CORRINE CADDY, in support of her Motion in Limine to Exclude and/or Strike certain exhibits submitted to the Court by plaintiff in his Opposition to defendant's Motion for Summary Judgment. Specifically, defendant asserts that Exhibits "C," "D," "E", and Exhibit "F" (which was attached to plaintiff's Statement of Contested Material Facts, Court Doc. #17-1). For the reasons stated herein, defendant shows that these exhibits are not competent, reliable summary judgment evidence and should not be considered by this Honorable Court in making a ruling on defendant's Motion for Summary Judgment.

**FACTUAL BACKGROUND**

For a summary recitation of the facts and in the interest of brevity, defendant respectfully refers the Court to the facts recited in her Motion for Summary Judgment filed at Court Document #12.

In his opposition to defendant's Motion for Summary Judgment, plaintiff attaches unsworn handwritten statements of his ex-girlfriend and of his father which were supposedly given to a private investigator. There is no authentication or statement at all regarding these documents. He also attaches an affidavit, Exhibit "F," which was filed with his Statement of Contested Material Facts, wherein plaintiff himself attempts to "authenticate" the statements of his own two witnesses. This procedure is wholly improper. Plaintiff cannot "authenticate" another person's statement! As such, defendant prays that plaintiff's Exhibits objected to herein be stricken and/or not otherwise considered as competent summary judgment evidence by the Court.

**LAW & ARGUMENT**

Plaintiff's exhibits "C" through "F" should not be considered in opposition to defendant's Motion for Summary Judgment, as they are improper and unreliable. Rule 56 of the Federal Rules of Civil Procedure allows parties to submit sworn "affidavits" as evidence in support of and opposing summary judgment. Since the amendment to Rule 56(e) in 2010, a formal affidavit is no longer required. (Comments to the 2010 amendments of FRCP Rule 56). 28 U.S.C. 1746 allows a declaration subscribed under penalty of perjury to substitute for an affidavit. §1746 mandates that declarations must be under penalty of perjury which is acknowledged by the declarant. <u>When executing the declaration, the statute specifically requires the following language if made inside the United States: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)"</u>. §1746(2).

The handwritten statements of Kara Jolene Lohmeyer and Mark Comeuax are not compliant with §1746. Neither statement is made under penalty of perjury, and as such, neither

can be considered by this Honorable Court in deciding this Motion for Summary Judgment. In addition, these written statements cannot be considered affidavits, due to the lack of notarization and/or language which declares the individuals have sworn that the statements are true and correct. As such, they should be stricken from the record in their entirety and not considered for purposes of this summary judgment.

FRCP Rule 56(C)(4) requires affidavits or declarations used to support or oppose a motion to be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. The Fifth Circuit has determined that "[a]ffidavits asserting personal knowledge must include enough factual support to show that the affiant possesses that knowledge." *Thomas v. Atmos Energy Corp.*, 223 F. App'x 369, 374 (5th Cir. 2007).

Plaintiff's affidavit, Exhibit "F," is not competent summary judgment evidence, either, as it could not be made on his personal knowledge. Plaintiff attempts to bootstrap and authenticate two other witnesses' unsworn statements by claiming that their statements are based on his personal knowledge! The affidavit further does not state any factual support as to how plaintiff possessed personal knowledge of any conversations between Mark Comeaux and Kara Jolene Lohmeyer and defendant, Caddy. He does not allege that he was present when these conversations took place. Plaintiff cannot verify or attest to statements made by others. The affidavit should be struck due to the fact that it contains no factual support and absolutely no personal knowledge, but is merely a thinly veiled back-door attempt of trying to authenticate the unsworn handwritten statements of his two witnesses. Even if this Honorable Court accepted the affidavit attesting to the unsworn statements of Kara Jolene Lohmeyer and Mark A. Comeaux,

the statements do not give rise to a genuine issue of material fact. The only thing they show is that Caddy was aware of the burglary of plaintiff's truck, and that defendant expected her money to be returned. Defendant has not denied these allegations! In fact, the evidence presented by defendant shows that she told the officer that plaintiff reported that the money was stolen from his vehicle, and even provided a copy and/or made reference of the police report.

## CONCLUSION

Based on FRCP 56 and 28 U.S.C. 1746, defendant respectfully requests that this Motion in *Limine* be granted, and that the Court strike and/or otherwise disregard Exhibits "C" through "F" attached to plaintiff's Opposition to defendant's Motion for Summary Judgment and/or to his Contested Statement of Material Facts, as they are not competent, verified, nor sworn statements which should be considered in this matter.

AND FOR ALL JUST AND EQUITABLE RELIEF, ETC.

BORNE & WILKES, L.L.C.

BY: _____s/John F. Wilkes, III_____
JOHN F. WILKES, III (Bar Roll #01644), T.A.
JOY C. RABALAIS (Bar Roll #26476)
RAY F. LUCAS, III (Bar Roll #27558)
TONYA R. SMITH (Bar Roll #30065)
KATHY L. SMITH (Bar Roll #30731)
ADRIANE M. REESE (Bar Roll #34721)
200 West Congress Street, Suite 1000
Post Office Box 4305
Lafayette, Louisiana 70502-4305
Telephone: (337) 232-1604 Ext. 201
Facsimile: (337) 232-1837
E-mail: wilkes@bornewilkes.com

ATTORNEYS FOR CORRINE CADDY

## CERTIFICATE

I HEREBY CERTIFY that on February 4, 2014, a copy of the foregoing Memorandum in Support of Motion in *Limine* to Strike Plaintiff's Exhibits Attached to His Opposition to Defendant's Motion for Summary Judgment was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Mr. Stephen Spring and Mr. Christopher Alexander by operation of the court's electronic filing system.

      s/John F. Wilkes, III      
JOHN F. WILKES, III (Bar Roll #01644)
BORNE & WILKES, L.L.C.
Attorney for Defendant
