RECEIVED
IN LAFAYETTE, LA.

JUN 0 4 2014

TONY R. MOORE, CLERK
BY_____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

MARCUS JUDE COMEAUX                    CIVIL ACTION 13-768

VERSUS                                 JUDGE HAIK

MICHAEL W. NEUSTROM, ET AL             MAGISTRATE JUDGE HANNA

---

## JUDGMENT

Before the Court is a Motion for Summary Judgment by defendant Corrine Caddy (Doc. #12) and a Motion for Sanctions Pursuant to Rule 11 (Doc. #13). After a thorough review of the record and all filings, the Court finds there are no material issues of fact in existence and summary judgment is proper as a matter of law.

The uncontested facts show that Ms. Caddy paid Mr. Comeaux for repairs to her air conditioning unit which were never performed. She received neither the service, nor the return of her funds. Consequently, the report she made to the police department was not a false statement. Although it appears Mr. Comeaux's vehicle was damaged and the money at issue was stolen, that does not change the circumstances as they pertain to Ms. Caddy. She was within her rights to report the matter to the police department, even if the plaintiff believed Ms. Caddy would be agreeable to another arrangement or that she should have taken different action, such as pursuing the funds in a civil case. An arrest warrant was properly issued by Judge Rubin and the plaintiff was arrested. He was arrested a second time on a second warrant issued in Iberia Parish. He was subsequently charged in a Bill of Information and the district attorney's office eventually agreed to dismiss the charges under the condition Mr. Comeaux make full restitution to Ms.

Caddy. That took place. The Affidavit of Assistant District Attorney James Prather confirms the charges were dismissed on his motion as a result of the plaintiff agreeing to pay the restitution in full. These circumstances differ greatly from a case in which charges against an accused are voluntarily dropped by the State without restitution or other action taken in exchange. These circumstances do not amount to a termination of the criminal charges in his favor.

Although it appears there were some personal issues between Ms. Caddy, the plaintiff, and the plaintiff's girlfriend, those alleged facts do not change the analysis in this case. The Court does not find Ms. Caddy participated in a conspiracy to deprive the plaintiff of his rights. Even if she personally knew the responding deputies, and even if she notified Ms. Lohmeyer of her intention to pursue the matter criminally, this falls far short of a conspiracy. Further, under the circumstances, there was probable cause to arrest the plaintiff. There is no credible evidence to the contrary. The record is devoid of evidence supporting a violation of the plaintiff's constitutional rights under the 4th, 5th, 8th, or 11th Amendments. There is no evidence that Mr. Comeaux was wrongfully incarcerated, falsely arrested, or maliciously prosecuted or that he could support a claim for such against Ms. Caddy. Finally, to claim that Ms. Caddy could reasonably foresee the plaintiff being sexually abused while incarcerated is nonsensical, as is the claim for intentional infliction of emotional distress against Ms. Caddy arising from the alleged abuse.

Consequently, summary judgment is **GRANTED** in favor the defendant Corrine Caddy, dismissing all claims of Marcus Jude Comeaux against her, **WITH PREJUDICE**, each party to bear its own costs.

The Motion for Sanctions under Rule 11 is **DENIED** as the Court finds the record does not support the imposition of sanctions under the circumstances.

THUS DONE and SIGNED on this 27th day of May, 2014.

_____
RICHARD T. HAIK, SR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA