UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

MARCUS JUDE COMEAUX :

VERSUS : CIVIL ACTION NO. 6:13-CV-00768

MICHAEL W. NEUSTROM, ET AL : JUDGE HAIK, MAG. JUDGE HANNA

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MOTION FOR ATTORNEY'S FEES AND COSTS
### PURSUANT TO 42 U.S.C.A. § 1988, F.R.C.P. RULE 54, AND 28 U.S.C.A. § 1927

NOW INTO COURT, through undersigned counsel, comes CORRINE CADDY, defendant herein, who requests reimbursement from Marcus Jude Comeaux and his attorneys of record for attorney's fees and costs, pursuant to 42 U.S.C.A. § 1988 and F.R.C.P. Rule 54, as defendant is a prevailing party in regard to all claims made against defendant by plaintiff, MARCUS JUDE COMEAUX (hereinafter referred to as "Mr. Comeaux"), CORRINE CADDY also seeks attorney's fees from Mr. Comeaux's attorney pursuant to 28 U.S.C.A. § 1927 for unreasonably and vexatiously multiplying the proceedings in this case. CORRINE CADDY is entitled to the relief sought as shown by the facts and documents attached hereto as Exhibits "1" through "2," and as is more fully described in the Memorandum in Support of this Motion.

1.

Mr. Comeaux filed a Complaint asserting actions against CORRINE CADDY and other municipal defendants. Mr. Comeaux alleged that defendant was liable to him under 42 U.S.C.A. § 1983 and 1988. Specifically, Mr. Comeaux for set forth claims under "42 U.S.C. §§ 1983 and 1988, and the Fourth, Eighth, and Fourteenth Amendments to the Untied States Constitution, and

under the laws of the State of Louisiana, La. C.C. arts. 2315, 2316, and 2317...." Mr. Comeaux went on to allege "This action specifically asserts claims, *inter alia,* for assault, battery, intentional and/or negligent infliction of emotional distress, negligence, negligent supervision, gross negligence, sexual battery, false arrest, malicious prosecution, and the intentional use of excessive force." [See Court Doc. #1 Complaint - Paragraphs 1 & 2]. The specific allegations against defendant, CORRINE CADDY, were "relative to false allegations and charges of theft which Ms. Caddy levied, either independently and/or with the aide and assistance of [Sheriff's deputies] . . . against Mr. Comeaux." [See Court Doc. #1 - Paragraph 27]. Mr. Comeaux also alleged CORRINE CADDY engaged in a civil rights conspiracy. [Court Doc. #1 - Paragraphs 69 & 70].

2.

A Motion for Summary Judgment was filed by CORRINE CADDY seeking to obtain a judgment of dismissal with prejudice against Mr. Comeaux. CORRINE CADDY submitted Mr. Comeaux had no evidence to support a §1983 conspiracy claim against her, nor claims for false arrest or malicious prosecution. CORRINE CADDY also showed the dismissal of the theft charges against MARCUS COMEAUX were a result of Mr. Comeaux paying full restitution to defendant, so that there was no "bona fide" termination of the criminal charges in his favor. <u>Mr. Comeaux and his attorney, Mr. Spring knew this fact before he filed suit.</u> Mr. Comeaux's civil attorney knew this fact, as well, before the civil suit was filed, since the civil attorney represented Mr. Comeaux in the criminal matter. CORRINE CADDY also alleged in her Motion for Summary Judgment her entitlement to attorney's fees and costs as the "prevailing party" under 42 U.S.C. 1988. [Court Doc. #12]. Mr. Comeaux opposed the Motion for Summary Judgment of CORRINE CADDY. [Court Doc. #15].

3.

This Court granted the Motion for Summary Judgment dismissing all claims with prejudice against CORRINE CADDY. [Court Doc. # 34].

4.

Because the civil rights claims made by Mr. Comeaux against defendant were and are "nonsensical," frivolous, groundless and lacking in any legal basis, as evidenced by this Honorable Court's dismissal of all claims [Court Doc. # 34], defendant is entitled to an award of attorney's fees and costs, as defendant is the prevailing party under 42 U.S.C.A. § 1988 and F.R.C.P. Rule 54 and attorney's fees pursuant to 28 U.S.C.A. § 1927 for the unreasonable and vexatious multiplication of the proceedings in this case.

WHEREFORE, defendant, CORRINE CADDY, prays that there be an award for attorney's fees and costs as she is the prevailing party under 42 U.S.C.A. § 1988, and F.R.C.P. Rule 54 and additionally an award of attorney's fees against Mr. Comeaux's counsel pursuant to 28 U.S.C.A.§ 1927.

AND FOR ALL JUST AND EQUITABLE RELIEF, ETC.

BORNE & WILKES, L.L.C.

BY:      S/John F. Wilkes, III
JOHN F. WILKES, III (Bar Roll #01644)
JOY C. RABALAIS (Bar Roll #26476)
TONYA R. SMITH (Bar Roll #30065)
RAY F. LUCAS, III (Bar Roll #27558)
KATHY L. SMITH (Bar Roll #30731)
BRENDA L. MISTROT (Bar Roll #20264)
200 West Congress Street, Suite 1000
Post Office Box 4305
Lafayette, Louisiana 70502-4305
Telephone: (337) 232-1604 Ext. 201

ATTORNEYS FOR CORRINE CADDY

## CERTIFICATE

I HEREBY CERTIFY that on June 18, 2014, a copy of the foregoing Motion for Attorney's Fee Pursuant to 42 U.S.C.A. § 1988, F.R.C.P. Rule 54, and 28 § U.S.C.A. 1927 was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Mr. Stephen Spring and Mr. J. Christopher Alexander by operation of the court's electronic filing system.

                          S/John F. Wilkes, III
                          JOHN F. WILKES, III (Bar Roll #1644)
                          BORNE & WILKES, L.L.C.
                          Attorney for Defendant